IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| NANCIE J. GOLON, | ) | |
| | ) | |
| Plaintiff | ) | Civil No. 05-1933-HU |
| | ) | |
| v. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

RICHARD A. SLY
1001 S.W. 5th Ave.
Portland, OR 97204

LINDA ZISKIN
3 Monroe Parkway
Lake Oswego, OR 97035

    Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

STEPHANIE R. MARTZ
Special Assistant U.S. Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

    Attorneys for Defendant

HUBEL, Magistrate Judge:

Plaintiff Nancie Golon seeks judicial review of the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c).

For the following reasons, I recommend the Commissioner's decision be AFFIRMED and the case dismissed.

## PROCEDURAL BACKGROUND

Golon applied for disability insurance benefits (DIB) under Title II of the Social Security Act, alleging disability due to a broken back and fibromyalgia since April 1, 1990.  Tr. 70, 77.[1] Her application was initially denied and denied again upon reconsideration.  Tr. 37-41, 48-52.  A hearing was held before an Administrative Law Judge (ALJ) on December 28, 2004.  Tr. 254-299. On March 22, 2005, the ALJ issued his decision finding Golon not disabled.  Tr. 25-32.  On December 6, 2005 the Appeals Council denied Golon's request for reconsideration and the ALJ's decision became final.  Tr. 5-7.

Born in 1966, Golon completed high school.  Tr. 70, 83.  Between 1986 and 1991 Golon

---

[1]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer (Docket #8).

worked as an office clerk, administrative assistant, and typist. Tr. 78, 96.[2]

Golon's date last insured for disability benefits calculation was March 31, 1996. Tr. 26, 117. She must show that her disability began on or before this date. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).

## **MEDICAL BACKGROUND**

At her hearing, Golon testified that she broke her back in a 1982 automobile accident. Tr. 261. Golon's attorney concurrently reported that the relevant records from this period are no longer available. Tr. 257.

The present record remains silent until January 1996, when Golon reported blurred vision and weight loss to her treating physician Dr. Wilson. Tr. 230-33. Golon subsequently received a diagnosis of monoclonal gammopathy[3] in April 1996. Tr. 154. In April and October 1996 her treating specialist, an oncologist, Dr. Ey, found no evidence of myeloma or associated complications. Tr. 153-54. Dr. Ey's notes show that Golon reported feeling well other than a complaint of arthritic hand pain. Tr. 153.

In December 1997 lumbar spine imaging studies showed a healed fracture. Tr. 147. Hand X-rays in February 1998 showed a healed right fifth metacarpal fracture. Tr. 150. In May 1998

---

[3]A monoclonal gammopathy indicates the presence of abnormal levels of a protein in the blood. In about 80 percent of cases, the abnormal protein does not cause any problems... However, over time, 20 percent of people will experience an increase in the amount of abnormal protein in their blood, which may develop into a more serious condition, including some forms of cancer. The Mayo Clinic, Medical Services, *available at* http://www.mayoclinic.org/monoclonal-gammopathy/index.html (last visited December 14, 2006).

3 - FINDINGS AND RECOMMENDATION

Golon's treating physician, Dr. Ingram, found she had inflammatory arthritis in her hands. Tr. 173. In December 1999 Golon complained of hand pain. X-rays confirmed degenerative joint disease of the fifth metacarpal. Tr. 143. A whole body imaging scan conducted in December 1999 showed no pathological fractures or osseous abnormalities associated with Golon's monoclonal gammopathy. Tr. 145-46.

In May 2002, well after Golon's 1996 date last insured, Golon's treating rheumatologist, Dr. Smith, suggested a probable fibromyalgia diagnosis. Tr. 169. Dr. Smith also suggested anxiety and depression diagnoses. Tr. 167. A subsequent visit in August 2002 did not mention any mental health impairments. Tr. 166. In December 2002 Dr. Smith again did not affirm his depression diagnosis, but suggested Golon might have restless leg syndrome as well as fibromyalgia. Tr. 164. In April 2003 Dr. Smith also suggested Golon had "possible mild osteoarthritis of the first metacarpal joint," with no synovitis. Tr. 217. Dr. Smith repeatedly confirmed his fibromyalgia diagnosis in April and August 2003. Tr. 159, 162. Dr. Smith continued to find Golon's fibromyalgia active in Janurary 2004 and April 2005. Tr. 217, 240.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing one to five steps in determining disability under the meaning of the Act. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Golon challenges the ALJ's evaluation of the evidence and conclusions at step four.

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the

twelve month duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. § 404.1520(e), Social Security Ruling (SSR) 96-8p. The ALJ uses this information to determine if the claimant can perform past relevant work at step four. If the claimant can perform such work, she is not disabled. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

If proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 141-2; *Tackett*, 180 F.3d at 1099; 20 C.F.R. § 404.1520(a)(4)(v).

The initial burden of establishing functional limitations rests upon the claimant. If the process reaches the fifth step the burden shifts to the Commissioner to show that jobs exist in the national economy in the claimant's residual functional capacity. *Yuckert*, 482 U.S. at 141-2; *Tackett*, 180 F.3d at 1099. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. § 404.1566.

## THE ALJ'S FINDINGS

The ALJ found Golon's "allegations regarding her limitations not totally credible." Tr. 31.

The ALJ found Golon's fibromyalgia and low back pain "severe" but found they did not meet or meet or equal a listed impairment.

The ALJ assessed Golon's RFC:

> The claimant has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently. She can stand and walk six hours out of an eight-hour day and sit six hours out of an eight-hour day. She can do no repetitive or prolonged bending or stooping.

Tr. 31. This RFC constitutes "light" level work. 20 C.F.R. § 404.1567(b).

At step four, the ALJ found Golon able to return to her past relevant work as a typist and data entry clerk. Accordingly, the ALJ found Golon not disabled at any time through the date of his decision. Tr. 31-32.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh "both the evidence that supports and detracts from the Commissioner's conclusion." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). This court must affirm the Commissioner if her decision is supported by substantial evidence in the record and if the ALJ applied correct legal standards. *Batson*, 359 F.3d at 1193. The reviewing court "may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Magallanes*, 881 F.2d at 750; *see also Batson*, 359 F.3d at 1193.

**DISCUSSION**

Golon contends that the ALJ failed to develop the medical record. She also claims the ALJ inappropriately assessed lay testimony, and suggested an invalid hypothetical question to the vocational expert. In her reply brief, Golon raises the argument that the ALJ failed to accurately assess the severity of her impairments.

**I.    Duty to Develop the Record**

In establishing disability under the Social Security Act, the burden clearly lies upon the claimant to provide evidence of disability. While the ALJ is not "mere umpire," the burden of establishing disability rests upon the claimant. *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1991), *Yuckert*, 482 U.S. at 146, 20 C.F.R. § 404.1512(a). This is because "it is not unreasonable to require the claimant, who is in a better position to provide information about his own medical record, to do so." *Yuckert*, 482 U.S. at 146.

Golon repeatedly suggests that the ALJ failed in his duty to develop the record. Pl. Opening Br. 8, 9, 10, 11, Pl. Reply Br. 2. Golon over-estimates the scope of this duty. The ALJ's duty to develop the record is triggered in narrow circumstances, most notably when an ambiguous onset date arises. *Armstrong v. Commissioner*, 160 F.3d 587, 589 (9th Cir. 1998). The ALJ's duty to develop the record does not extend to a silent record that does not support disability. *See Armstrong*, 160 F.3d at 590.

Golon also suggests the ALJ failed to obtain previous Social Security benefit applications from an unspecified date in the 1980's which, she claims, contain missing relevant records. Pl. Opening Br. 9. The Commissioner states that the agency destroys records five years after an ALJ's decision and that the records no longer exist. Defendant's Br. 10. This court is satisfied that these

7 - FINDINGS AND RECOMMENDATION

records are not obtainable. Therefore, the ALJ did not error in failing to obtain them.

Finally, this court notes that Golon's attorney instructed her medical provider to submit records dating from August 2, 2002 only. Tr. 200. In view of her own actions, Golon's argument that her primary care provider's records are incomplete must fail because the incomplete record results from her own actions and cannot be attributed to the Commissioner. For the reasons above, the record is adequately developed and Golon's argument regarding the ALJ's duty to further develop the record fails.

### II.     Golon's Credibility

The ALJ found Golon "not entirely credible in light of the minimal treatment record prior to the date she was last insured for disability benefits." Tr. 28. An ALJ may not base a negative credibility inference entirely upon medical evidence, but he may cite the medical record as one of several credibility factors. *Robbins v. Social Security Administration*, 466 F.3d 880, 883 (9th Cir. 2006), *Smolen*, 80 F.3d at 1281. An ALJ may also question a claimant's credibility if she fails to seek treatment for an alleged impairment. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Inability to afford treatment is an acceptable reason for not seeking treatment. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). However, Golan's submissions make no suggestion that she could not afford treatment. The ALJ's notice of Golan's minimal treatment should be sustained.

The ALJ also cited Golon's activities of daily living during the relevant period, including walking, in his credibility determination. Tr. 28. Such activity inconsistent with allegations of disability may support a negative credibility inference. *Smolen*, 80 F.3d at 1284. The ALJ's reference to Golan's activities of daily living should be sustained.

Golon suggests that, because the ALJ allegedly failed to develop the record, he cannot refer

8 - FINDINGS AND RECOMMENDATION

to the record in his credibility decision. Pl. Opening Br. 10. Golon makes no other credibility challenge. Because the ALJ's role in developing the record should be sustained, this argument fails. The ALJ provided sufficient reasons for questioning Golon's credibility and his decision should be sustained.

### III.   Medical Source Statements

In her reply brief, Golon suggests the ALJ failed to address the opinion of Dr. Ingram and subsequently failed to find her reported hand pain severe at step two. Pl. Reply Br. 3. This court does not ordinarily address new arguments raised in the reply brief.

Regardless, the ALJ considered Dr. Ingram's treatment notes. The ALJ addressed Golon's April 1998 reports to Dr. Ingram that her hand and wrist pain "had worsened over the past four to six months." Tr. 28, 173-177. While an ALJ may not make cursory findings, he is not required to discuss evidence neither significant nor probative. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). The ALJ's analysis of Dr. Ingram's notes meets this standard and should be sustained.

### IV.   Lay Witness Testimony

Golon suggests the ALJ failed to adequately address lay witness testimony presented by her sister, Rebecca Smith, and her husband, David Golon. Pl. Opening Br. 10-11.

####    a.   *Evaluating Lay Witness Testimony*

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 404.1513(d)(4), 404.1520(a)(3); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The value of lay-witness testimony rests in their eyewitness observations, which may "often tell whether someone is

suffering or merely malingering." *Dodrill*, 12 F.3d at 918. The ALJ may not reject such testimony without comment, but he may reject lay testimony that is inconsistent with medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996), s*ee also Lewis*, 236 F.3d at 512. If the ALJ rejects lay witness testimony entirely, he must give reasons germane to the witness. *Nguyen*, 100 F.3d at 1467.

### b. Rebecca Smith

The ALJ considered Smith's testimony and reiterated Smith's report of Golon's complaints of difficulty sitting, foot pain, and hand pain. Tr. 28. The ALJ also noted Smith's testimony that Golon experienced deteriorating speech and confusion. *Id.* The ALJ subsequently found that the medical record did not support Smith's report that Golon experienced speech difficulties or confusion and that the medical record did not support sitting, standing, or manipulating limitations prior to Golon's March 1996 date last insured. Tr. 29.

The ALJ must consider lay testimony when evaluating a claimant's symptoms, but lay testimony alone cannot establish a medical diagnosis. *Lewis*, 236 F.3d at 511-12. As noted, the ALJ may reject lay testimony inconsistent with the medical record. *Id.* Here, the ALJ's finding that Smith's report is not supported by the medical record should be sustained.

### c. David Golon

The ALJ noted David Golon's reports that he, rather than his wife, did housework in 1994, that Golon reported hand pain and leg numbness, and that Golon could not drive using a clutch. Tr. 28. The ALJ found these allegations "not entirely credible in light of the treatment record." *Id.* The ALJ found that the medical record showed no evidence of hand or leg numbness prior to 1996. *Id.*

The ALJ then found Golon's reported walking and knitting activities inconsistent with David

Golon's testimony regarding Golon's restricted activities. *Id.* An ALJ may reject lay testimony that is inconsistent with or unsupported by the medical record. *Lewis*, 236 F.3d at 512. For this reason, the ALJ's analysis of David Golon's testimony should be sustained.

## V.     The ALJ's Step Four Finding

Golon suggests the ALJ's hypothetical questions to the vocational expert were invalid because he "omitted any limitations based on the cognitive difficulties identified by the direct testimony and lay witness evidence." Pl. Opening Br. 11. As discussed, no medical evidence supports this limitation and lay witness testimony may not establish an impairment. *Lewis*, 236 F.3d at 511-12. For this reason, the ALJ appropriately excluded these limitations from his questioning to the vocational expert. An ALJ may exclude such unsupported limitations in questioning to a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

Golon also suggests the ALJ misconstrued her past relevant work as a typist. Pl. Opening Br. 12. Golon's DIB application stated that she worked as a typist between an unspecified date prior to 1987 and 1991. Tr. 96. Golon subsequently testified that she worked in broader administrative capacities. Tr. 291. Golon suggests this testimony establishes that her past relevant work was broader than the ALJ determined, and that the ALJ erred in suggesting she could perform past relevant work as a typist. Pl. Opening Br. 12.

In establishing whether a claimant may return to her past relevant work, it is appropriate to consider the claimant's work as she performed it, rather than relying upon generic job descriptions. SSR 82-61 *1-2 (available at 1982 WL 31387), SSR 82-62 *3 (available at 1982 WL 31386). The nature of a claimant's past relevant work may be established via claimant's testimony or the *Dictionary of Occupational Titles*. SSR 82-62 *3. Here, the VE testified that Golon's work as an

11 - FINDINGS AND RECOMMENDATION

administrative assistant or office manager, as she performed it, was light level work. Tr. 292. Such work is compatible with the ALJ's RFC assessment restricting Golon to light work. *See* 20 C.F.R. § 404.1567(b).

Any error alleged by Golon in the ALJ's step four finding is therefore harmless. This court will not reverse for harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Additionally, the record shows that Golon reported discrete periods of past relevant work as a typist only. Tr. 78, 96. The ALJ's finding that Golon's past relevant work constituted typing is based upon the record. For these reasons, the ALJ's solicitation of vocational expert testimony and his subsequent step four finding should be sustained.

## CONCLUSION

In summary, this court finds the record supports the ALJ's finding that Golon's medical record does not establish she suffered from a disabling condition prior to March 31, 1996. The ALJ adequately considered the available medical evidence and lay witness testimony. Golon additionally failed to show the ALJ's step four finding, based upon appropriate vocational testimony, was erroneous.

## RECOMMENDATION

The Commissioner's decision that Golon is not entitled to benefits under Title II of the Social Security Act is based upon correct legal standards and supported by substantial evidence. I recommend the Commissioner's decision be affirmed.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due February 9, 2007. If no objections are filed, review of the

Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

IT IS SO ORDERED.

DATED this 25th day of January, 2007.

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge
